EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                                                                                                  |              |
|-------------------------------------------------------------------------------------------------------------------------|--------------|
| Enmiendas al Reglamento del Tribunal Supremo, en virtud de la Ley de Sociedades de Responsabilidad Limitada<br><br>    v. | 2000 TSPR 105 |

Número del Caso: ER-2000-05

Fecha: 26/06/2000

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO**Error! Bookmark not defined.**

In re:

Enmiendas al Reglamento del
Tribunal Supremo, en virtud          ER-2000-05
de la Ley de Sociedades de
Responsabilidad Limitada

RESOLUCION

San Juan, Puerto Rico, a 26 de junio 2000

De conformidad con la autoridad concedida a este Tribunal por las disposiciones del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico, de la Ley de la Judicatura, según enmendada, de la Ley de Sociedades de Responsabilidad Limitada, Ley Núm. 154 de 20 de agosto de 1996, así como en virtud del poder inherente de este Tribunal para reglamentar la práctica de la abogacía en Puerto Rico, se enmienda el Reglamento del Tribunal Supremo para establecer un registro de los abogados, abogadas, notarios y notarias que formen parte de una sociedad de responsabilidad limitada y para establecer los mecanismos que garantizarán el pago de cualquier compensación por impericia profesional, según dispuesto por la Ley Núm. 154, supra.

Se añaden los incisos (p) a la Regla 9 y (g) a la Regla 12 del Reglamento del Tribunal Supremo, los que dispondrán:

Regla 9 – El(la) Secretario(a)

[...]

(p)    El(la) Secretario(a)llevará un registro de abogados y abogadas que ofrezcan servicios profesionales a través de una sociedad de responsabilidad limitada creada al amparo de la Ley de Sociedades de Responsabilidad Limitada, Ley Núm. 154 de 20 de agosto de 1996.  En dicho

registro, el(la) Secretario(a)inscribirá el nombre de la sociedad, la dirección y el teléfono de la oficina principal de la sociedad y los nombres, direcciones y teléfonos de los socios propietarios. También el Secretario o la Secretaria certificará que la sociedad ha presentado ante el Departamento de Estado los documentos requeridos por la Ley Núm. 154, supra.

Regla 12 – Admisión al ejercicio de la abogacía

[...]

(g) Ejercicio de la Abogacía y la Notaría en Sociedades de Responsabilidad Limitada.

Los(as) abogados(as) y notarios(as) que ofrezcan servicios profesionales a través de una sociedad creada al amparo de la Ley de Sociedades de Responsabilidad Limitada, Ley Núm. 154 de 20 de agosto de 1996, deberán presentar ante el Secretario o la Secretaria del Tribunal Supremo, para ser incluidos(as) en el registro que establece la Regla 9 de este Reglamento, copia de la escritura constitutiva de la sociedad de responsabilidad limitada que exprese el nombre de la sociedad, la dirección y el teléfono de la oficina principal, el nombre, la dirección y el teléfono del socio gestor, los nombres, las direcciones y los teléfonos de los(as) socios(as) propietarios(as) de la sociedad, más la certificación correspondiente que acredite que la sociedad ha sido inscrita en el Departamento de Estado.

Además, presentarán copia de las subsiguientes actas de renovación de la sociedad que la Ley Núm. 154, supra, requiere presentar anualmente en el Departamento de Estado y, en el caso de la disolución de la sociedad y/o renuncia o retiro de los(as) socios(as), copia de la notificación a tales efectos.

También deberán presentar evidencia que acredite que la sociedad ha garantizado el pago de cualquier compensación por impericia profesional que los(as) socios(as) vengan obligados u obligadas a realizar.

A los(as) notarios(as) se les deducirá la fianza notarial prestada, de la responsabilidad financiera por concepto de impericia profesional exigida al amparo de la Ley Núm. 154, supra.

Cualesquiera de las siguientes alternativas podrán ser utilizadas por la sociedad como mecanismo para cumplir con la garantía exigida por la Ley Núm. 154, supra:

1. Una fianza expedida a favor de la sociedad por una compañía aseguradora autorizada para hacer negocios en Puerto Rico, que deberá ser certificada en cuanto a su suficiencia por el Comisionado de Seguros del Estado Libre Asociado de Puerto Rico, para responder por el pago de cualquier compensación por concepto de impericia profesional. Dicha fianza será por la cantidad mínima de cincuenta mil dólares ($50,000), multiplicada por el número de abogados(as) que ofrecen servicios profesionales a través de la sociedad al momento en que se expida o renueve la fianza, pero el total de la fianza nunca será menor de cien mil dólares ($100,000) y no excederá de un millón de dólares ($1,000,000).

2. Un documento acreditativo de un seguro de responsabilidad profesional con una cubierta mínima de cien mil dólares

($100,000), excluyendo cualquier deducible aplicable salvo que esté cubierto por una fianza, carta de crédito u otro instrumento que demuestre la existencia de fondos para cubrir el monto del deducible. El seguro será por una suma de cincuenta mil dólares ($50,000)multiplicada por el número de abogados(as) que ofrecen servicios profesionales a través de la sociedad al momento en que se expida o renueve la fianza, pero el total de la cubierta del mismo nunca será menor de cien mil dólares ($100,000) y no excederá de un millón de dólares ($1,000,000).

3. Una carta de crédito irrevocable expedida a nombre de la sociedad o un documento que demuestre que se han separado o segregado fondos por la suma mínima de cien mil dólares ($100,000) hasta un máximo de un millón de dólares ($1,000,000). La cantidad a ser segregada o separada será la suma de cincuenta mil dólares ($50,000) multiplicada por el número de abogados(as)que ofrecen servicios profesionales a través de la sociedad al momento en que se expida o renueve la carta de crédito o el documento que acredite la separación o segregación de los fondos, pero el total de los fondos segregados nunca será menor de cien mil dólares ($100,000)y no excederá de un millón de dólares ($1,000,000).

Dichos fondos separados o segregados se mantendrán como depósito en plica en una entidad bancaria establecida bajo las leyes del Estado Libre Asociado de Puerto Rico o de cualquier estado o territorio de los Estados Unidos, y autorizada para hacer negocios en Puerto Rico, o en un fideicomiso constituido bajo las leyes del Estado Libre Asociado de Puerto Rico o de cualquier estado o territorio de los Estados Unidos, y autorizado para hacer negocios en Puerto Rico.

Esta enmienda comenzará a regir inmediatamente.

Se ordena la publicación de esta Resolución.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo